GEORGE W. PRATT *et al.*, Appellants, *v.* DAVID S. OGDEN
*et al.*, Respondents.

Defendants, in possession of land under a contract of purchase and a license to
   cut the timber, &c., are not liable for cutting the timber thereon while the
   license is operative, even though, by non-compliance with the terms of the
   contract of purchase, they forfeit their right to the land and to the possession
   of the same.

The license being established by proper evidence, everything done under it,
   before forfeiture, is lawfully done, for which no claim of damage could accrue
   to the plaintiff.

*L. Tremain*, for the appellants.

*S. Hand*, for the respondents.

DAVIES, J.   The plaintiffs being the owners of a certain
tract of land in the county of Ulster, in this State, on the
25th of October, 1853, made an agreement with the defend-
ants, Ogden and Delafield, whereby, in consideration of the
sum of $16,000, to be paid as follows : $2,000 at the time of
signing the contract, $2,000 on the 25th of October, 1854,
and the balance in four equal annual installments, with
interest annually on the sums unpaid, agreed to sell and
convey said premises to said Ogden and Delafield. The
agreement also provided that the plaintiffs reserved the right
to enter upon the lands, cut, peel and remove the hem-
lock whenever they should see fit, and for that purpose to
use the present or make other suitable roads, taking any
timber they might find necessary to keep in repair or make
such roads.   The defendants, Ogden and Delafield, agreed
not to cut the hemlock timber until the bark should be peeled
from the same by the plaintiffs.   It was further agreed that
Ogden and Delafield were to keep insured the steam saw
mill on the premises for the benefit of the plaintiffs, and in
the event of loss the same was to be applied on account of
such payments.   It was also agreed, that in case of failure to
fulfill any of the agreements or covenants therein contained,
the plaintiffs might reënter upon and have full possession
of the premises above described, without any let, molestation

or hindrance of the defendants Ogden and Delafield. The first payment of $2,000 was made, but there was a failure to make the second or any subsequent payments. Defendants went into possession upon the signing of the contract, and immediately commenced the cutting of timber and the manufacture of staves therefrom. This action was brought to recover the value of the timber so cut. The defendants claimed that such cutting was done under a license from the plaintiffs, and they proved on the trial that Lawson, one of the plaintiffs, said at the time of signing the contract, " Now, gentlemen," addressing the defendants Ogden and Delafield, " you can go on and cut timber and manufacture staves, and you can make more money out of it than you can out of the cement business." This license was denied on the part of the plaintiffs ; but as the jury found their verdict for the defendants, we must assume that they found as a fact the license as proved. On the evidence being closed, the counsel for the plaintiffs asked the court to charge the jury, that if they found that there was a license to cut timber, and that such license was given upon condition that payments should be promptly made on the contract, and not otherwise, the defendants lost the protection of that license by failing to perform the contract. The court declined so to charge, and the plaintiffs' counsel excepted. The plaintiffs' counsel also requested the court to charge, that if the license was conditional, and understood by the parties to depend upon a punctual performance by Ogden and Delafield of the terms of their contract of purchase, Ogden and Delafield not having performed their contract, forfeited their license. The court refused so to charge, and the plaintiffs' counsel excepted. Judgment on the verdict was rendered for the defendants, and on appeal the same was affirmed. The plaintiffs now appeal to this court.

The two exceptions taken to the refusal of the court to charge as requested, present the only questions for the consideration of this court. The two propositions, though variant in form, are the same in substance, and both assume that the license, which they concede was given to cut the

timber, was upon a condition, and that there being a failure on the part of the defendants in the performance of the condition, the license afforded no protection to the defendants, or in other words, the license was forfeited by such failure to perform the condition. The fundamental vice in these requests is the assumption that the license was upon any condition whatever. There was no proof in the case which warranted any such inference. The question before the jury was, license or no license. This fact was found by them in favor of the defendants, and no question was put to any witness or any facts elicited which tended to show that the license was upon any condition. It was certainly competent for the plaintiffs to have shown that the license given was upon a condition, and if that position had been maintained, then further to show that the condition had not been performed. The case would then have been brought within the rule laid down in *Mumford* v. *Whitney* (15 Wend.; 380), where Chief Justice SAVAGE said: "If the plaintiff could prove that the license was conditional, and that the condition had not been performed, then he was absolved from the license, or rather the license was never operative, because the condition upon which it depended had not been performed."

A court can never be called upon to charge upon an assumed state of facts not proven upon the trial. (*City of New York* v. *Price*, 5 Sandf., 542; *Rushman* v. *Hall*, 12 Abb., 420; *Kiernan* v. *Rocheleau*, 6 Barb., 148.) The judge therefore properly refused to charge as requested.

But it is difficult to see how the plaintiffs would have been benefited if the judge had charged as requested, and the jury had found in favor of them on the proposition submitted. The proposition was, that if there was a license to cut timber, and such license was given upon the condition that the payments should be promptly made on the contract, and not otherwise, the defendants lost the protection of that license by failing to perform the contract. Now, it is conceded that there was no breach of the condition, even if there was any condition, until the failure to make the second payment on the 25th of October, 1855. The license having

been proved or conceded, it follows, that all that was done under it prior to the time when it is claimed it was forfeited or lost, was lawful, and no claim for damages could accrue to the plaintiffs. This was settled in this court in the case of *Pierepont* v. *Barnard* (2 Seld., 279). That was an action of trover for a quantity of pine lumber and logs alleged to belong to the plaintiff, and converted by the defendant. The defendant justified under a parol license, and that the timber was cut pursuant to it, and that the license to cut and remove the timber having been fully executed before it was revoked, was a complete bar to plaintiff's claim. This court sustained the positions taken by the defendant, and held that a parol license to cut and carry away standing timber, when fully executed before revocation, constitutes a good defense to an action of trover, brought by the person giving the license, to recover the value of the timber. This in effect determined that what was done under the license, in conformity with it, and while it continued in force, was justifiable under it. In the case at bar it does not appear whether all the timber claimed was cut before or after the termination of the license. To have made the plaintiffs' position tenable and available, they should have discriminated as to acts done during the lifetime of the license, and those done after it ceased to exist. What was done while it was operative, and thus lawful by virtue of it, did not become unlawful when it ceased to exist, or, in the language of the plaintiffs, become forfeited. As no distinction was made or claimed as to what was done before the day it is now claimed it ceased and what was done after, the court properly refused to charge the propositions as claimed by the plaintiffs. That embraced all that was done under the license at any time, and it is beyond all dispute or cavil, that what was done under the license prior to October 25, 1854, was protected by it. The subsequent forfeiture of the right for its continuance did not render unlawful what was done while it was in force. The refusals to charge as requested were correct, and the judgment of the Supreme Court should be affirmed.

All the judges concurring, judgment affirmed.