[No. 7881.　Department One.　May 27, 1909.]

BAY VIEW LAND COMPANY, *Respondent*, v. A. S. FERGUSON, *Appellant*.[1]

FRAUDS, STATUTE OF—INTEREST IN LANDS—LICENSES. When an oral contract for the sale of standing timber to be cut immediately is executed, it cannot be attacked as affecting an interest in lands, within the statute of frauds; since, if not valid as a sale of personal property, it is valid as a license to enter and sever the timber.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered April 24, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*J. B. Keener* and *M. Mulligan*, for appellant.

*W. McB. Perrin* and *Frank A. Magill*, for respondent.

[1]Reported in 101 Pac. 1093.

MORRIS, J.—On October 13, 1906, the parties hereto entered into an oral contract for the sale of the marketable logs, piling, and poles on certain lands situate in King county, the consideration being $2,500, and the delivery of certain piling, the timber to be removed on or before April 15, 1907. The contract was to be reduced to writing, and, in accordance with this understanding, the respondent prepared and executed a contract, containing all the provisions agreed upon, and submitted the same to appellant for his signature. Appellant, while making no objection to the form of the contract as prepared and submitted, for various reasons not material here, delayed executing the written contract from time to time, and never did sign it, although it does not appear that he ever refused to execute it, or objected to any of its terms. Appellant went into possession of the land, and commenced cutting and removing the timber as agreed upon in the oral contract, and so continued until all the marketable timber had been cut and removed. The appellant was a stockholder in the respondent company, and as security for the performance of the contract, he was to assign and deliver his stock to the respondent. All the payments provided for in the contract not having been made, nor the piling delivered, respondent brought this action, in which, in addition to what it claimed to be due upon the sale of the timber, and the failure to deliver the piling, it sought to obtain a decree directing an assignment to it of all appellant's interest in the company. Issues being framed, trial was had, resulting in a decree for the company as prayed for, and defendant appeals.

The principal error assigned is that the contract was oral, and being for the sale of standing timber, it was an interest in land, and therefore void. Upon this subject there is a very decided conflict of authority; a large number of cases holding that such a contract conveys an interest in the land, and hence must be in writing, while others hold that, where the timber is to be cut and immediately, or within a reason-

able time, removed, the sale is of personal property, and not of an interest in the land. Other cases adopt the rule that growing trees may be the subject of an ownership distinct from the ownership of the soil, and that a license to enter upon the land and cut and remove them may be valid, and that if such license be not revoked before the trees are severed, the property in them passes. So that, irrespective of either theory of such contracts as being within or without the statute of frauds, they may, even though oral, operate as a license to enter, cut, and remove the trees, and when executed are not subject to attack upon any theory of affecting an interest in lands, and we so hold. Warvelle, Vendors, § 162; *Jenkins v. Lykes*, 19 Fla. 148, 45 Am. Rep. 19; *Pratt v. Ogden*, 34 N. Y. 20; *Poor v. Oakman*, 104 Mass. 309.

Other errors are assigned which we have considered but do not discuss, other than to say they are not material in view of the conclusion reached.

The findings of fact made by the court below were proper and justified by the evidence, and the conclusions of law and judgment based thereon correct. The judgment is affirmed.

Rudkin, C. J., Fullerton, Chadwick, and Gose, JJ., concur.