(No. 14041.—Decree affirmed.)

THE VILLAGE OF PEORIA HEIGHTS, Appellee, *vs.* ARTHUR KEITHLEY, Appellant.

*Opinion filed October 22, 1921.*

1. DEEDS—*when deed conveying lots to village creates condition subsequent.* A warranty deed conveying certain lots to a village upon certain conditions, and providing that if the conditions are not fulfilled the village will forfeit the lots and the title to them will revert to the grantor, creates in the grantee an estate on condition subsequent.

2. SAME—*only grantor or his heirs can declare forfeiture for breach of condition subsequent.* A breach of a condition subsequent can be taken advantage of only by the grantor or his heirs, and where he makes another conveyance to a third party, either before or after the breach, the grantee in said conveyance acquires no right to enforce a forfeiture and acquires no title to or interest in the property conveyed.

APPEAL from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding.

ARTHUR KEITHLEY, *pro se.*

KIRK & SHURTLEFF, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Prior to January 4, 1904, G. W. H. Gilbert was the owner of the major part of Seiberling's addition to the village of Peoria Heights. On that date he conveyed by warranty deed to the village, lots 28 and 29 in block 6 of said addition, the expressed consideration being "the sum

of $600 in hand paid and the observance of the provisions hereinafter named." The deed contained the following conditions: "The consideration for this deed is that the village shall use the said lots for the purpose of a town hall and the location of the village waterworks and other village buildings of a public nature, provided, however, that the said village shall by ordinance provide that no saloon license for the sale of any intoxicating, malt, vinous, mixed or fermented liquors, and no license for the keeping of dram-shops or saloons, shall ever be granted to operate within said Seiberling's addition to Peoria Heights, and if there is a breach of such conditions, which form the consideration of this deed, such breach shall work a forfeiture of the said lots and the title to same shall revert to the grantors, their heirs and assigns, together with all the improvements thereon." No cash was paid by the village. February 1, 1904, the village passed an ordinance prohibiting the sale of intoxicating liquors in the addition. In 1907 the village purchased a lot outside of the addition and built thereon a village hall. The village has erected no buildings on the lots in question. It has occasionally piled drain tile on the lots, and about the time this litigation was begun it set a few posts around the lots and stretched a single wire on these posts. Since the conveyance to the village the lots have been listed as public property and have been exempted from general taxation, and special assessments against said lots have been paid by the village. December 20, 1910, Gilbert and wife by an unconditional form of warranty deed conveyed said property to appellant, Arthur Keithley. There is no evidence that appellant paid anything for these lots nor that he has ever had possession of them. March 1, 1920, Gilbert by quit-claim deed conveyed to the village all his present and future interests in said lots, including all interest that he then had or could or might acquire through forfeiture or otherwise. December 30, 1920, appellee filed its bill in the circuit court of

Peoria county, praying that the deed to appellant be canceled and removed as a cloud upon appellee's title to said lots and for other relief. Appellant answered the bill, admitting most of the averments of fact but denying that appellee has any right, title or interest in the lots. Appellant filed his cross-bill asking that the title be quieted in him. The cross-bill was dismissed on demurrer. The court found that appellee was in possession of the lots in question, and that at the time Gilbert executed his deed to appellant he had no interest in the premises capable of being assigned or conveyed and that appellant obtained no interest and that his deed was void. A decree was entered canceling appellant's deed and declaring that he had no interest in the premises. From that decree this appeal was prosecuted.

By his deed of January 4, 1904, Gilbert conveyed to appellee the lots in question on certain conditions, and provided that if these conditions were not fulfilled the village would forfeit the lots and the title to them would revert to him. This conveyance clearly created in appellee an estate on condition subsequent. (1 Tiffany on Real Property,— 2d ed.—sec. 78; Kales on Estates and Future Interests,— 2d ed.—sec. 219; 8 R. C. L. 1109.) This being true, a breach of the condition can be taken advantage of only by the grantor or his heirs. His grantee, whether before or after the breach, acquires no right to enforce a forfeiture. (O'Donnell v. Robson, 239 Ill. 634; Golconda Northern Railway v. Gulf Lines Railroad, 265 id. 194.) Appellant acquired no title to or right or interest in the lots by the conveyance of December 20, 1910, and the court properly canceled the deed and removed it as a cloud upon appellee's title.

The decree of the circuit court is affirmed.

*Decree affirmed.*