(No. 2731, July 18, 1924. Rehearing Denied Aug. 20, 1924.)

## LIBBEY v. VAN BRUGGEN.

### SYLLABUS BY THE COURT.

1. A license to flow water through a ditch constructed by the licensee over the land of the licensor may be revoked for violation of the conditions upon which the license was granted.

2. Injunction is a proper remedy by a licensor to prevent a licensee from further use of an irrigation ditch across licensor's land, which license has been revoked for violation of the conditions of the license.

Appeal frm District Court, Colfax County; Leib, Judge.

Action by Wallace Libbey against William Van Bruggen. From a decree for plaintiff, defendant appeals. Affirmed.

H. L. Bickley and H. A. Kiker, both of Raton, for appellant.

Morrow, Merriau & Sadler, of Raton, for appellee.

### OPINION OF THE COURT

PARKER, C. J. Appellee, hereinafter called plaintiff brought action against appellant, hereinafter styled defendant, to enjoin him from having and maintaining a ditch over plaintiff's land, wherewith defendant irrigated his adjoining lands. The court awarded a permanent injunction from which judgment defendant has appealed.

It appears that in the spring of 1916 defendant applied to plaintiff for leave to construct an irrigating ditch across plaintiff's lands, which leave was verbally granted, without consideration to plaintiff, and upon condition that the ditch should be located, constructed, and maintained as to do plaintiff the least possible damage. An engineer located the line of the ditch, and defendant commenced the construction of the same without the knowledge of the plaintiff. When the construction of the ditch was well under way and nearly completed, the plaintiff learned of the fact, and, while he failed to make positive objection to the location of the ditch, he did not give assent to the same. Shortly after water was put in the ditch one of plaintiff's valuable cows became mired in the ditch and suffered injuries from which she never recovered.

Plaintiff is a cattle raiser and uses his land entirely for pasture for his animals. The ditch has a fall of 100 feet in the distance of 2 miles over which it traverses plaintiff's land. The soil is loose and loamy and very susceptible to erosion. At the instance of the

plaintiff, defendant installed 11 checks or drops to control the flow and prevent erosion. Said checks were improperly constructed, installed, and maintained, were insufficient in number to control the flow of water and prevent erosion, all causing deep holes to be eroded in the bottom of the ditch at various places along its course, especially just below the checks or drops. Plaintiff complained to defendant of the location and manner of maintenance of said ditch, requesting the placing of numerous other drops or checks in the ditch, which request was unheeded. The condition of the ditch is such the same being unfenced except for a few rods where it enters plaintiff's land, the court found, as to be a constant menace to plaintiff's animals, on account of danger of bogging in the deeper portions thereof caused by erosion. Plaintiff elected to revoke the license and to bring this action as before stated.

It is apparent that the parties never came to an understanding in regard to the location of the ditch or the manner of its construction and maintenance. It may be that plaintiff might be held to have waived the point as to the location of the ditch because he did not, after learning of its location and partial construction, forbid its completion and use. But he never has consented to the operation and maintenance of the ditch as it has been operated and maintained, and, on the other hand, his more or less constant requests for change in the same have been refused or at least neglected by defendant.

Counsel for plaintiff argues that the license, under the circumstances is revocable, while counsel for the defendant, on the other hand, argues that all of the elements of an irrecovable license are present and that, consequently, this action cannot be maintained.

[1] 1. It will not be necessary in this case to undertake to state all of the considerations governing the determination of when and when not a license is revokable. In fact the cases are in great confusion and

are not to be reconciled upon recognized legal principles. But in this case, even assuming that the license would be irrevocable if the parties had come to an agreement as to the manner of maintenance of the ditch, from the findings of the court it appears that the defendant has, more or less constantly, violated the conditions imposed by the plaintiff, and has maintained the ditch in such manner as that it is a constant danger to the animals of the plaintiff ranging over the land where the ditch runs. The defendant put this question directly in issue in his pleadings and proofs, and the court found against him. He made no offer to correct his delinquencies in regard to the maintenance of the ditch but took the position that the ditch, as maintained by him, was in accordance with the understanding. Under such circumstances it certainly could not be maintained that defendant could indefinitely continue to violate the terms of the license and maintain his ditch to the constant and continuing injury of the plaintiff. Opon this subject see 17 R. C. L. "Licenses," § 99; 2 Tiffany, Real Estate (2d Ed.) § 349f; 19 C. J. "Easements," § 155; Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67, 2 Am. St. Rep. 405; Pratt v. Ogden, 34 N. Y. 20; Mumford v. Whitney, 15 Wend. (N. Y.) 380, 30 Am. Dec. 60; Henneky v. Stark (Sup.) 128 N. Y. Supp. 761. In the latter case a privilege to flood land had been granted upon condition that the licensee should grade a certain lane approaching a bridge over which the licensor was compelled to travel in reaching portions of his land. This the licensee failed to do. The licensor declared the license forfeited. The court said:

"On the other hand the defendant's engagement to grade the lane to the height of the bridge was something more than a mere independent covenant. It was a condition, the performance of which would materially effect the character of the servitude imposed upon plaintiff's land, for it would make tolerable a privilege which otherwise would result in a very serious inconvenience. To flow the land without the grading of the lane to the required height would and did compel the plaintiff to drive or walk through the water in going from one part of his farm to the other. I do not forget that forfeitures are not favored, and that where there is doubt as

to whether the engagement of a grantee should be considered as a mere collateral covenant with a right of damages for a breach thereof, or as a condition upon the breach of which a forfeiture may be declared, the law resolves the doubt in favor of the continuance of the estate granted. But, in this case, is seems to me the engagement of the defendant to grade the lane was a condition upon the performance of which, in good time and in a reasonable manner, his right to continue to flow the lands necessarily depended."

Just so in the case at bar. The defendant, according to the findings of the court, h²s continued to violate the condition upon which the license was granted, and his continued maintenance of the ditch in such manner as to be a constant annoyance and danger to the plaintiff authorizes a forfeiture of the license.

[2] 2. It was strenuously urged by defendant throughout the proceeding that plaintiff had mistaken his remedy in proceeding in equity for injunction. It was asserted there, and is likewise claimed here, that plaintiff had an adequate remedy at law by way of ejectment, or forcible entry and detainer, or for damages in trespass. It is argued that, although a licensee or the owner of an easement has no such interest or estate or right to possession as is required to maintain ejectment, the converse of the proposition is not true, and that the owner of the fee may maintain these actions against a defendant claiming such rights. This is vigoruosly contested by plaintiff, he contending that ejectment or forcible entry and detainer are not maintainable in these circumstances.

An understanding of the nature of the rights of the parties would seem to be sufficient to determine the question. In the first place, it may be stated generally that the right of a licensee or easement owner is ordinarily not in any sense adverse to the owner of the fee in cases like the present. The defendant's right as claimed is merely a right to run water through the ditch. He claims, and can claim, no right to the exclusive or adverse possession of the soil. The plaintiff's cattle are free to travel over the land the same as if the ditch was not there, and the plaintiff

has in no way been excluded from his possession of
the soil. An easement or license of this kind differs
from one where, from the nature of the use of the land
by the licensee, the owner of the fee is excluded from
his possession, as, for example, where some structure
of 'a permanent character so occupies the land as to ex-
clude the owner, or where the public have such right
to the use of a street as to necessarily exclude any
personal possession of the soil by the owner. And in
this case, if the defendant had fenced the ditch so as
to exclude the plaintiff and his cattle, and was claim-
ing the exclusive right to the possession of the land
fenced, it may be that ejectment or forcible entry and
detainer might be maintained by the plaintiff, but
such is not the fact.

There is no claim of exclusive adverse possession by
defendant, and it would seem clear that the plaintiff,
under the circumstances, has no remedy at law. His
remedy is in equity for an injunction, which is the one
he has pursued. Upon this subject, see Hicks v. City
of Bluefield, 86 W. Va. 367, 103 S. E. 323; Pinkum v.
City of Eau Claire, 81 Wis. 301, 51 N. W. 550; Le Blond
v. Town of Peshtigo, 140 Wis. 604, 123 N. W. 157, 25
L. R. A. (N. S.) 511; Henneky v. Stark (Sup.) 128 N.
Y. Supp. 761. And see, also, generally, as to the avail-
ability of injunction to prevent continuing trespasses,
and to avoid a multiplicity of suits, Stroup v. Hubbell
Co., 27 N. M. 35, 192 Pac. 519; Hales v. Atlantic Coast
Line R. Co., 172 N. C. 104, 90 S. E. 11; Mendelson v.
McCabe,, 144 Cal. 230, 77 Pac. 915, 103 Am. St. Rep. 78;
Rhoades v. McNamara, 135 Mich. 644, 98 N. W. 392.
And see, also, 19 C. J. "Easements," § 247; 14 R. C. L.
"Injunctions," §§ 156-158.

Some other considerations are presented to the ef-
fect that the pleadings made out a case for ejectment,
which ousted the equitable jurisdiction. An analysis
of the pleadings, however, shows that the case was to
determine the right to use the ditch under the license
and we have determined that a court of equity is the
proper forum. It is also argued that the decree is in-

quitable because the defendant, relying upon the license, had abandoned another means of taking and conveying the water. However this may be, if defendant violated the conditions upon which the license was granted, as the court found, he must abide by the consequences.

It follows from all of the foregoing that the decree of the court below is correct and should be affirmed; and it is so ordered.

BRATTON and BOTTS, JJ., concur.