282 P.2d 719

Thomas W. CONWAY, Plaintiff-Appellant,

v.

SAN MIGUEL COUNTY BOARD OF EDU-
CATION, Board of Education of Las Vegas
City, New Mexico, A. H. Gerdeman, Fern B.
Gerdeman, James E. Stevenson, Dorothy
Stevenson, R. J. Long, Caroline S. Long
and Continental Oil Company, a corpora-
tion, Defendants-Appellees.

No. 5796.

Supreme Court of New Mexico.

Feb. 2, 1955.

Rehearing Denied April 15, 1955.

McKenna & Sommer, Santa Fe, for appellant.

Noble, Spiess & Noble, Las Vegas, for appellees.

SADLER, Justice.

The plaintiff as appellant in this Court seeks the review of a judgment of the district court of San Miguel County dismissing his complaint composed of two counts, the first seeking to quiet title to a three-acre tract of land in San Miguel County consisting of two small adjoining tracts; the second being one in ejectment to recover possession of the same acreage and for damages by way of rental from the defendants, San Miguel County Board of Education and Board of Education of Las Vegas City, New Mexico, intended for Board of Education of City of Las Vegas.

The land is located in the Southwest quarter of the Southwest quarter (SW¼ of SW¼) of Section 5, Township 15 North, Range 17 East, N.M.P.M. in San Miguel County, New Mexico, and is composed of two adjoining tracts, described by metes and bounds in the findings and identified as Tract No. 1 consisting of one acre and Tract No. 2 having an area of two acres. The smaller tract contained the improvements. Other parties in addition to the two school boards mentioned were joined as party defendants, among them being R. G. Long and Caroline S. Long, his wife, who after filing a general denial took no further part in the case. The defendants, A. H. Gerdeman and Fern B. Gerdeman, his wife, and James E. Stevenson and Dorothy Stevenson, his wife, likewise joined as parties, answered with general denials and also alleging improvements made. The two Boards of Education mentioned, the San Miguel County Board and the City of Las Vegas Board both answered by general denial and among other defenses relied upon a lost deed for that portion of the land described as Tract No. 2.

Two hearings preceded the close of the trial, after which both plaintiffs and defendants submitted proposed findings of fact and conclusions of law. The court adopted those of defendants and rejected those proposed by the plaintiff. Whereupon a judgment dismissing the plaintiff's complaint was entered from which the present appeal is prosecuted by plaintiff, claiming various errors committed at the trial entitling him to an order of reversal with a direction to the trial court to enter judgment in his favor. The two tracts involved comprise a combined area of three acres and appear as Tracts 1A and 2A, re-

spectively, on the plat placed in evidence at the trial.

On and prior to August 15, 1922, the S½ of SW¼ of Section 5, Twp. 15 N., R. 17 E., was owned by Las Vegas Land and Water Company. The two tracts here involved were both within the exterior boundaries of the land just described. On the date mentioned the water company mentioned mortgaged the land described above along with other lands to the Board of Trustees of the Town of Las Vegas, administering the Las Vegas Grant, hereinafter referred to as the Grant Board, to secure promissory notes aggregating the sum of $2,548.70, the mortgage being duly recorded on August 28, 1922.

Thereafter and on or about April 26, 1923, the Las Vegas Land and Water Company by a deed reciting a valuable consideration conveyed to San Miguel County Board of Education Tract No. 1, containing among other stipulations the following proviso, to-wit:

"Provided however, that in the event said party of the second part shall at any time fail to use said property above described for Public School purposes, then and in that event the remainder thereof shall go to and become the property of the party of the first part hereto."

The plaintiff herein was at the time of such conveyance general manager of the water company, the grantor, handled the transaction for it and was familiar with the provisions of the deed which, incidentally, was not placed of record until December 20, 1950. On the date of such deed the land described therein, as well as Tract No. 2, was located in School District No. 96 of San Miguel County. The Board of Education of San Miguel County in the year 1924 issued and sold bonds of said School District, and in that year constructed a school building on Tract No. 1 following completion of which it conducted and operated a school on said tract from 1924 to May, 1947.

In the meantime, default occurring in payment of the mortgage by the water company to the Grant Board, the Board of Trustees of the Town of Las Vegas, administering the affairs of Las Vegas Grant, in the year 1928 filed in the district court of San Miguel County its suit to foreclose the mortgage dated August 15, 1922, from Las Vegas Land and Water Company, said cause being docketed as cause No. 10,-166 on the civil docket of said court. Neither the Board of Education of San Miguel County, its directors, nor School District 96 of San Miguel County, or its directors, were joined as parties defendant to said cause nor did any of them appear therein. In due course, following entry of decree in the foreclosure suit, the Board of Trustees of Las Vegas, administering the Las Vegas Land Grant, became the successful

bidder under foreclosure of the real estate involved in the suit and a special master's deed was issued to said board of trustees, administering the Las Vegas Land Grant.

Throughout the period from 1924 to May of 1947 the Board of Education of San Miguel County had and maintained valuable improvements on Tract No. 1 consisting of a school building, a water well and tower and other facilities. In the year 1934 Board of Education of San Miguel County and others interested in the school and the community served by it undertook to deepen and improve the well on Tract No. 1 and to enlarge and beautify the playground adjacent to the school building thereon. In pursuance of this plan the Board of Education of San Miguel County and others in the same year applied to an appropriate agency of the United States of America for financial assistance in deepening and improving the well on Tract No. 1. They soon learned that such assistance would not be available unless the Board of Education owned at least three acres of land adjacent to the well. Accordingly, in the same year the Board of Trustees of Town of Las Vegas, administering the Las Vegas Land Grant and being the owner of Tract No. 2, consisting of two acres, agreed to convey the same to the Board of Education of San Miguel County.

Relying upon the promise and agreement aforesaid, the Board of Education of San Miguel County and others interested in said school and the community served by it, obtained the money necessary to deepen and improve the well and constructed a fence along the exterior boundary lines of Tract No. 2, planted trees on the tract and beautified and improved same as a playground for the school. Tract No. 2 was so maintained as a part of the school grounds from 1934 to May, 1947, during all of which time the Board of Education continued in possession of Tract No. 2.

In 1945, A. H. Gerdeman, a defendant, was authorized in a letter from County School Superintendent of San Miguel County to pipe water from the well located on Tract No. 1 to his farm located across the road from the school building. Pursuant to such authorization, he expended between six and seven hundred dollars in piping water from the well to his farm and in the construction of a tank and water system. In the following year, 1946, the Board of Education of San Miguel County, by resolution, entered into an agreement with A. H. Gerdeman, under which the latter would pay one-half the cost of improving and repairing the aforesaid well in exchange for the right to use the water therefrom.

Pursuant to said agreement, Gerdeman actually expended $163.78 in repairing and improving said well. Subsequently, the defendant, James E. Stephenson, acquired the farm of Gerdeman, across the road from Tract No. 1 and placed improvements

on the well, consisting of a new mill and sucker rods costing $365, exclusive of labor.

In the year 1934, the Board of Trustees of the Town of Las Vegas, administering the Las Vegas Land Grant, being then the owner of said Tract No. 1, made, executed and delivered to Board of Education of San Miguel County its certain deed conveying to said Board of Education Tract No. 1 mentioned above.

The possession of said Board of Education of Tract No. 1 was actual, visible, exclusive, hostile and continuous from 1924 and the same may be said of its possession of Tracts 1 and 2 from 1934 to May of 1947. At this time, May, 1947, through consolidation, School District No. 96 became a part of Municipal School District No. 2, in San Miguel County, being the defendant Board of Education of the City of Las Vegas. The last named Board of Education took immediate possession of the Tracts 1 and 2 in May, 1947, and has continued in possession thereof ever since. It conducted school classes in the building located on Tract No. 1 throughout the entire school year, 1948. With the opening of school in 1949, however, the students who had been attending school in the school building on Tract 1 were transported to schools in the City of Las Vegas.

The school buildings in the City of Las Vegas have been utilized to capacity since 1948. This congestion has rendered it necessary for the City Board of Education to hold the building and facilities on and appurtenant to Tract No. 1 on a stand-by basis to accommodate overflow conditions, imminent and in danger of arising at any time. Accordingly, the City Board has repaired said school building from time to time and continued throughout to keep the building insured against loss or damage.

It was in such circumstances, the situation in reference to Tracts 1 and 2 being as hereinabove recited, that the Board of Trustees of the Town of Las Vegas, administering the Las Vegas Land Grant, on or about December 26, 1944, delivered its deed to plaintiff, Conway, covering among other lands the S½ of SW¼ of Section 5, Twp. 15 N., Range 17 E., embracing the two tracts in controversy. Neither at time of receiving said deed, nor prior thereto, did plaintiff make any inquiry of defendants or any of them touching their rights or interests in or to Tracts 1 or 2. Nor did plaintiff, at time said deed was delivered to him, or prior thereto, know under what title or interest defendant, San Miguel County Board of Education, claimed Tracts 1 and 2.

The plaintiff, though receiving the deed mentioned, made no objection to the repairs and improvement of the well on Tract 1 by Gerdeman, nor to his piping water across the road from the well, nor did he assert or make any claim of title or interest in Tract 1 to Gerdeman. The same may be said of

plaintiff's actions relative to James E. Stevenson in reference to improvements on the well made by him. Nor did plaintiff make any claim of title to Tract No. 1 to the said James E. Stevenson.

From the foregoing facts found by the court, it drew the conclusion that plaintiff had no right, title or interest in or to Tracts 1 and 2, or either of them. Accordingly, it entered an order dismissing his complaint from which this appeal is prosecuted.

The first claim of error set up by the plaintiff (appellant) is that the rights of defendant, San Miguel County Board of Education, were extinguished by the foreclosure sale instituted by the Grant Board. It is the contention of counsel for plaintiff that there was neither occasion nor necessity on the part of the mortgagee to make said Board of Education a party to the foreclosure proceeding. It is pointed out by defense counsel, however, that notwithstanding failure of Board of Education to record its deed of April 6, 1923, until 1950, it constructed a school building on the property in 1924 and held classes therein from 1924 until the end of 1947. Thus it was that the School Board was in undisputed possession of Tract 1 from 1924, continuously, until the end of 1947, and was maintaining such possession throughout from filing of the foreclosure suit on April 13, 1927, and, as well when the decree therein was rendered and Special Master's deed issued. On these facts, the trial court made a finding as to which no error is assigned reading:

"14. That during all of the time from 1924 to May of 1947 Board of Education of San Miguel County had and maintained valuable improvements upon Tract 1, consisting of a school building, a water well and tower and other facilities."

■ While it is argued with much vigor by counsel for plaintiff that plaintiff's predecessor in title, the Grant Board, took good title to Tract 1, free and clear of rights and equities under the conditional deed to Board of Education dated April 6, 1923, because the Board of Education was not a necessary party to the foreclosure sale, we are not prepared to agree with this contention under the facts here present. Certainly, as against a purchaser subsequent to the conditional deed, the mere failure to record same, would not bar the grantee therein of its rights in view of its occupancy, construction of improvements thereon and other proven facts, calculated to put any intending purchaser on notice of the equities of the grantee in the deed. McBee v. O'Connell, 19 N.M. 565, 145 P. 123, and Nelms v. Miller, 56 N.M. 132, 241 P.2d 333. See, also, 3 Jones on Mortgages (8th Ed.), §§ 1800–1801. In section 1800 of the text cited, the author states:

"If the deed to the purchaser of the equity has not been recorded at the

time of the bringing of the bill, he is nevertheless a necessary party if the plaintiff has in any way either actual or constructive notice of it. But if the purchaser has not recorded his deed, and the plaintiff has no notice of it, by possession or otherwise, the foreclosure is binding upon the purchaser equally as if he were made a party."

■ It is thus seen that failure to join Board of Education in the foreclosure of the Grant Board mortgage left its rights, including its equity of redemption, unaffected and unimpaired. Mann v. Whitely, 36 N.M. 1, 6 P.2d 468. It is conclusively established by the evidence that throughout a period antedating the foreclosure the Board of Education was in undisputed possession of Tract No. 1, conducting classes in the school building thereon and exercising every right of ownership.

■ Furthermore, 1941 Comp. § 13–203 which is cited by plaintiff lends support to the position of defendants on this question. It reads:

"No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786 (§ 13–201), shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith, or judgment lien creditor, without knowledge of the existence of such unrecorded instruments."

It is to be noticed that this statute mentions "mortgages" as well as "deeds." Nowhere in the statute is to be found language relieving a mortgagee from the effect of an unrecorded deed of which he has notice or knowledge. The fact of possession by Board of Education was certainly sufficient to put the mortgagee and plaintiff as well on notice of the rights of Board of Education and to call upon them to pursue inquiry as to extent of such rights. The failure to inquire is fatal to any claim of innocent purchaser without notice of the rights of the defendant, Board of Education.

■ There is still another support for the trial court's action in dismissing plaintiff's complaint in so far as it sought a decree quieting title as against Board of Education. It offered in evidence a deed, bearing date July 16, 1934, running from Board of Trustees of the Town of Las Vegas, administering the Las Vegas Land Grant to San Miguel County Board of Education and covering Tract No. 1. It was duly acknowledged by the Grant Board before a notary public on July 19, 1934, and approved by the District Judge on the same day. It was admitted in evidence over the objection of counsel for plaintiff. Their chief objection was that no delivery of the deed was shown.

It is undisputed that the plaintiff had knowledge of the 1923 deed, as an employee of the grantor having actually handled the

transaction whereby it was issued and delivered to the Board of Education. Hence, his counsel seek to explain away any knowledge or notice that the Board of Education was holding under the 1923 deed by asserting he was justified in believing it continued so to hold. The 1923 deed it will be recalled contained a condition that if at any time Tract No. 1 ceased to be used for school purposes, the property should revert to the grantor.

Accordingly, and in view of a strong contention by plaintiff's counsel that Tract No. 1 had ceased to be used for school purposes (though the trial court found otherwise) the importance of the finding that the 1934 deed was actually delivered becomes of major importance. Notwithstanding a want of direct proof that the deed was actually delivered, the circumstances in evidence, we believe, support the trial court's finding that it was. As already stated, the deed was in all respects duly executed and acknowledged and ran to a grantee in possession. True enough, one of the attorneys for defendant Board of Education from whose custody the 1934 deed came could not recall just how the deed reached the office of his firm. Nevertheless, it was an undisputed fact that it was in the firm's possession. The record shows that the grantee was conducting and continued to conduct school on the premises through 1947.

Furthermore, the conduct and behavior of the parties were inconsistent with any implication of non-delivery of the deed. The continued possession by the School Board operating its school on the tract, the lack of any dispute as to ownership over a period of about sixteen (16) years, all reconcile themselves with an intention to deliver and a recognition that title had passed. Evans v. Evans, 44 N.M. 223, 101 P.2d 179.

In Weeks v. Bailey, 33 N.M. 193, 263 P. 29, 30, we dealt with the question of proof of delivery of a deed and said:

"The learned law writer, Prof. John D. Lawson, wrote a book on, 'The Law of Presumptive Evidence.' Rule 18, which he lays down, is as follows:

" 'Documents regular on their face are presumed to have been properly executed, and to have undergone all formalities essential to their validity.'

"And under this rule an illustration is given, as follows:

" 'A person's signature to a deed is proved, i. e., that it is his handwriting. The sealing and delivery of the deed is presumed.' "

The School Board's possession was undisputed for many years after the execution of the deed; namely, from 1934 to about 1950. 26 C.J.S., Deeds, § 183, p. 591:

"The delivery of a deed may be presumed after the lapse of many years, especially where the parties are dead

and the grantee's possession of the property has been undisputed."

In this case the parties are both corporations or quasi-corporations but the long undisputed possession is present.

█ We think the evidence sufficient to support the trial court's finding that there was delivery of the 1934 deed and we so hold. So concluding, the 1934 deed furnished color of title to Tract No. 1 and proof of the other elements of adverse possession being present the court did not err in finding and concluding the plaintiff's suit was barred by the adverse possession enjoyed by the Board of Education of Las Vegas and its predecessors in interest for the statutory period. Without deciding the question whether the defense must be specially pleaded, as argued by plaintiff; still, if litigated without a plea, as here (the plaintiff himself requesting a conclusion of law touching on the issue), absence of a special plea is cured. 1953 Comp. § 21–1–1 (15(b). Posey v. Dove, 57 N.M. 200, 257 P.2d 541. See, also, Garvin v. Gordon, 36 N.M. 304, 14 P.2d 264 and compare Oliver v. Enriquez, 17 N.M. 206, 124 P. 798.

█ Moreover, even if the 1934 deed be disregarded, along with the holding of the court that plaintiff is barred by adverse possession, still the plaintiff for more reasons than one shows no right in himself to invoke the condition contained in the deed of April 6, 1923, from Las Vegas Land and Water Company to San Miguel County Board of Education when he brought this suit. He claims under a deed in foreclosure by the Grant Board against Las Vegas Land and Water Company as to Tract No. 1. But in failing to join San Miguel County Board of Education as a party defendant to the foreclosure suit, the latter's rights under its deed from the Water Company, including the right of occupancy, remained unaffected. Mann v. Whitely, supra. But the conclusive and all embracing answer to plaintiff's claims as to Tract No. 1 is the trial court's finding, supported in the evidence, that there had been no failure by the Board of Education or its successor to use the property "for Public School purposes" within the true intendment of the condition found in the deed under which the present defendant holds and occupies the property. See Stokes v. New Mexico State Board of Education, 55 N.M. 213, 230 P.2d 243, and Hart v. Northeastern N. M. Fair Ass'n, 58 N.M. 9, 265 P.2d 341.

In addition to the considerations mentioned as barring plaintiff's claims to Tract No. 1, counsel for defendant strongly urge upon us that the estate created by the questioned language in the 1923 deed gives rise to a "possibility of reverter" only which until L.1937, c. 4, 1953 Comp. § 70-1–21, was not assignable or transferable in New Mexico, hence conferred on pur-

chaser at the sale no right of entry for a breach. See 31 C.J.S., Estates, § 20, p. 34; Halpin v. Rural Agricultural School District No. 9, 224 Mich. 308, 194 N.W. 1005. Thus it is, counsel argue, that when the Grant Board foreclosed its mortgage, Las Vegas Land and Water Company retained no estate in Tract No. 1 but only a possibility of reverter; and that, as a purchaser at the sale or the successor of such purchaser, the present plaintiff took no interest in the reverter. The contention poses an intriguing question, Village of Peoria Heights v. Keithley, 299 Ill. 427, 132 N.E. 532; Tickner v. Luse, Tex.Civ. App., 220 S.W. 578, w. e. refused; Union Colony Co. of Colorado v. Gallie, 104 Colo. 46, 88 P.2d 120, but we see no occasion to pursue it here, beset as it is by some obvious complexities.

We come now to test the trial court's action in relation to Tract No. 2. Although recited hereinabove it may tend to clarity if we copy the more important findings touching this tract. They are findings Nos. 17 to 29, both inclusive, and read as follows:

"17. That in 1934 Board of Trustees of the Town of Las Vegas, administering the Las Vegas Land Grant, being the owner of Tract 2, agreed to convey the same to Board of Education of San Miguel County.

"18. That Board of Education of San Miguel County and others interested in said school and the community served by the same, in reliance upon the agreement of Board of Trustees of the Town of Las Vegas, administering the Las Vegas Grant, obtained money for the deepening and improvement of the well and constructed a fence along the exterior boundary lines of Tract 2, planted trees on Tract 2, and beautified and improved the same as a playground for the school.

"19. Board of Education of San Miguel County continued in possession of Tract 2 and maintained the same as a playground and part of the school grounds from 1934 to May of 1947.

"20. That in 1945, Defendant, A. H. Gerdeman, was authorized to pipe water from said well on Tract 1 to his farm located across the road from the school building, by letter from the County School Superintendent of San Miguel County, said letter being an exhibit in this case.

"21. That said A. H. Gerdeman expended between six and seven hundred dollars in piping said water from the well to his farm and in the construction of a tank and water system.

"22. That in the year 1946, the Board of Education of San Miguel County, by resolution, entered into an agreement with A. H. Gerdeman, un-

der which A. H. Gerdeman would pay one-half of the cost of improving and repairing the well on Tract 1 in exchange for the right to the use of water therefrom.

"23. That Defendant, A. H. Gerdeman, in pursuance of said agreement with Board of Education of San Miguel County, expended the sum of $163.78 in repairs and improvement of said well.

"24. That the Defendant, James E. Stephenson, has acquired the farm of the Defendant, A. H. Gerdeman, across the road from the school building on Tract No. 1 and has placed improvements upon said well, consisting of a new mill and sucker rods costing said Defendant Stephenson $365.00 exclusive of labor.

"25. That in the year 1934, Board of Trustees of the Town of Las Vegas, administering the Las Vegas Land Grant, being then the owner of Tract 1, made, executed and delivered to Board of Education of San Miguel County its certain deed (Defendants' Exhibit 3), conveying to Board of Education of San Miguel County Tract No. 1.

"26. That the possession of the Defendant, Board of Education of San Miguel County of Tract 1 was actual, visible, exclusive, hostile and continuous from 1924 to May of 1947.

"27. That the possession of the Board of Education of San Miguel County of Tracts 1 and 2 was actual, visible, exclusive, hostile and continuous from 1934 to May of 1947.

"28. That in May of 1947, School District 96, San Miguel County, was consolidated with and became a part of Municipal School District No. 2, San Miguel County, being Defendant Board of Education of the City of Las Vegas.

"29. That Defendant, Board of Education of the City of Las Vegas, took possession of Tracts 1 and 2 in May of 1947 and has continued in possession thereof."

The trial court upon the foregoing findings concluded the plaintiff was not entitled to the relief he prayed as to Tract No. 1, a decree quieting his title thereto. Nor to the possession of Tract No. 2 sought by Count 2 of his complaint and ordered a dismissal as to both. We find no error as to either count.

The evidence was abundant that the Grant Board in 1934 agreed to convey Tract No. 2 to San Miguel County Board of Education. Relying thereon the School Board took possession and improved the tract by the erection of fences, planting

trees and otherwise making the tract attractive as a playground for school children. The sole condition attached to the agreement related to time of conveyance. The donor promised the deed would issue as soon as a named surveyor had surveyed the tract. This was done in 1936.

The defendant, Board of Education, claims an equitable title, even though the promise to convey was never fulfilled. They point out that by reason of the agreement to convey, the Board accepted the offer, took possession of the property, and at an expense to it improved same. Mesich v. Board of Commissioners of McKinley County, 46 N.M. 412, 129 P.2d 974, is cited by counsel to the proposition that a purchaser under a contract to convey becomes an equitable owner of the property upon paying for it. And Albarado v. Chavez, 36 N.M. 186, 10 P.2d 1102, 1103, might well have been cited to the same proposition. There non-delivery of a deed did not affect the trial court's right to dismiss a complaint seeking to quiet title to the real estate involved, the full purchase price having been paid. The language of the court in sustaining the trial court's order of dismissal could almost be paraphrased to suit the situation here. We said:

"Nor is there merit in plaintiff's contention that proof of delivery of the escrow deed is essential to sustain the decree rendered. She instituted suit in ordinary form to quiet title to property, shown by the evidence to have been in possession of defendant Chavez under one or the other of the two purchase contracts above mentioned, since the date of the first of said contracts. The defendants answered, disputing her right to the relief prayed for, but asked no affirmative relief themselves. Under the proof submitted, it appeared that the agreed purchase price of the property had been paid either to the plaintiff herself or to her attorney in fact. Under these circumstances, the defendant Green, who paid the purchase price, was certainly vested with the equitable estate and title to the lots in question as against the plaintiff."

We are not unmindful that an oral promise to convey land followed by part performance of the contract to purchase such as entry into possession, payments on purchase price, the making of improvements, payment of taxes, etc., will take the case out of the statute of frauds. Osborne v. Osborne, 24 N.M. 96, 172 P. 1039; Ritter-Walker Co. v. Bell, 46 N.M. 125, 123 P.2d 381; Harris v. Dunn, 55 N.M. 434, 234 P.2d 821, 27 A.L.R.2d 1277. We can see an analogy between the principle which supports these decisions and the one applied by the trial court to the facts here present in reference to the oral agreement

to convey Tract No. 2, followed by possession and improvements placed on the property. by the Defendant Board of Education.

The Board of Education was in possession of Tract No. 2 when the plaintiff took his deed and had been for more than ten years. He cannot ignore this fact and is charged with knowledge of what he might have learned by the inquiry defendant's possession suggested.

It is also argued by counsel for the Board of Education of City of Las Vegas that their rights as to Tract No. 2 can be sustained on the theory of a lost deed; or, even as a common law dedication, if the facts failed to support their claim to it on theory of a lost deed. They contend the facts, to say the least, show a common law dedication to a public use. Compare Libbey v. Van Bruggen, 30 N.M. 116, 228 P. 178, 38 A.L.R. 1134. We find it unnecessary to pass upon these claims of support for the trial court's ruling, being satisfied as we are, that the ground upon which the trial court dismissed the complaint as to count 2 fully supports its action in so doing. Finding no error the judgment will be affirmed.

It is so ordered.

COMPTON, C. J., and LUJAN and McGHEE, JJ., concur.

KIKER, J., not participating.