This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41319**

**WILLIAM PINASCO and SHERRY PINASCO,**

      Plaintiffs/Counterdefendants-Appellants,

v.

**BRONSON ASHCROFT,**

      Defendant,

and

**EL PASO NATURAL GAS COMPANY, LLC,**

      Defendant/Counterplaintiff-Appellee,

and

**EL PASO NATURAL GAS COMPANY, LLC,**

      Third-Party Plaintiff,

v.

**AUBREY WOOD and PATRICK WOOD,**

      Third-Party Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Court Judge**

Jennings Haug Keleher McLeod Waterfall LLP
Benjamin F. Feuchter
Albuquerque, NM

for Appellants

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Lynn H. Slade
Spencer L. Edelman
Jennifer A. Kittleson
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiffs William and Sherry Pinasco appeal from the district court's order granting summary judgment in favor of Defendant El Paso Natural Gas Company, LLC, and dismissing their complaint with prejudice. We affirm.

**BACKGROUND**

**{2}** In 1983, Third-Party Defendants Aubrey and Patricia Wood (the Woods) acquired property described as the SE/4 of the SW/4 of Section 23, Township 29 North, Range 11 West, N.M.P.M, San Juan County, New Mexico. The property is divided into northern and southern portions by the San Juan River. The southern portion of the property (the Southern Tract) is the subject of this appeal. The Southern Tract abuts the northern boundary of property currently owned by Defendant. The Woods alleged that they could only access the Southern Tract via a two-track road running across the east side of Defendant's property. In 2002, the Woods entered into an access agreement with Defendant's predecessor in interest to use the two-track road "for ingress and egress only for vehicle and livestock access for grazing purposes."

**{3}** Plaintiffs claim to have entered into a purchase agreement with the Woods in 2020 to buy the Southern Tract. Plaintiffs contacted Defendant to discuss using Defendant's property to access the Southern Tract pursuant to the access agreement. A dispute arose among the parties concerning the validity and scope of the access agreement, and Defendant demanded that Plaintiffs cease crossing Defendant's property to access the Southern Tract. Plaintiffs filed an action for declaratory judgment, damages, and injunctive relief claiming, in relevant part, either a prescriptive easement, express easement, easement in gross, or a contractual right to use the two-track road across Defendant's property to access the Southern Tract. Defendant counterclaimed for trespass, declaratory judgment, and injunctive relief against Plaintiffs and brought a third-party complaint against the Woods. Following written discovery, Defendant filed a motion for summary judgment on the basis that Plaintiffs lacked standing, arguing that Plaintiffs had not produced any deed or other writing showing that they actually owned the Southern Tract. The district court granted Defendant's motion and dismissed Plaintiffs' claims with prejudice, concluding that Plaintiffs lacked standing due to their

failure to demonstrate by deed or other legal instrument that they held legal title to the Southern Tract. The district court certified under Rule 1-054(B) NMRA that there was no just reason for delay, thereby allowing for an immediate appeal.

## DISCUSSION

**{4}** On appeal, Plaintiffs argue that the district court erred by (1) granting summary judgment, and (2) dismissing Plaintiffs' claims "with prejudice." We address each in turn.

### I. Summary Judgment[1]

**{5}** "We review the district court's grant of summary judgment de novo." *Freeman v. Fairchild*, 2018-NMSC-023, ¶ 14, 416 P.3d 264. "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241.

**{6}** Plaintiffs advance two arguments in support of their assertion that the district court erred in granting summary judgment. Plaintiffs primarily contend that they are the real parties in interest and have standing to bring their claims because they hold equitable title to the parcel. In addition, Plaintiffs argue that they are successors in interest to the Woods under the access agreement, and therefore, have standing to enforce those contractual rights. As we explain, both arguments are unpreserved.

### 1. Equitable Title

**{7}** Plaintiffs first assert that the district court erred in granting summary judgment because a deed is not necessary to prove ownership. Plaintiffs argue that "[t]he holder of *equitable title* to real property is a real party in interest with respect to, and has standing to sue for, injuries to the holder's rights in that property." (Emphasis added.) Defendant counters that Plaintiffs did not preserve any argument regarding standing under an equitable ownership theory.

**{8}** "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. "The preservation rule provides the lower court an opportunity to correct any mistake, provides the opposing party a fair opportunity to show why the court should rule in its favor, and creates a record from

---

1The parties appear to discuss the issue on appeal as both one of *standing* and also an issue of whether Plaintiffs are the *real parties in interest*. Whether a party has standing and whether a plaintiff is a real party in interest are two distinct concepts. *O'Brien v. Behles*, 2020-NMCA-032, ¶ 25, 464 P.3d 1097. "[W]hile standing focuses on whether the plaintiff's injuries are fairly traceable to the defendant's conduct, the real party in interest requirement focuses on whether the plaintiff is the person who possesses the right sought to be enforced." *Id.* ¶ 26 (internal quotation marks and citation omitted). A plaintiff must be both the real party in interest and have standing. *Id.* (citing 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1542 (3d ed. 2010)). We do not focus our analysis on this point, as it is unnecessary to our disposition, but nevertheless draw the parties' attention to this matter.

which this Court may make informed decisions." *Yurcic v. City of Gallup*, 2013-NMCA-039, ¶ 35, 298 P.3d 500 (omissions, internal quotation marks, and citation omitted).

**{9}** Plaintiffs maintain that they raised the issue of equitable title below on two separate occasions. First, Plaintiffs claim they gave express notice that they intended to rely on an equitable title theory in their reply in support of their emergency motion to modify preliminary injunction. In that motion, Plaintiffs asserted, without citation to authority, that "all that is required to transfer title to real property in New Mexico is an agreement between the buyer and the seller to do so, plus an exchange of consideration." This is insufficient to have alerted Defendant or the district court that Plaintiffs were proceeding on an equitable title theory. To the extent Plaintiffs claim that the district court judge "acknowledged the [Plaintiffs'] position on this issue and discussed it during an April 20, 2023, hearing" on the motion, we find no support for Plaintiffs' claim. At the April 20 hearing, the district court questioned Plaintiffs' failure to memorialize in writing or record the purported real estate transfer. Plaintiffs did not respond by arguing equitable title. They merely argued that the point of recording is to provide constructive notice, and noted that they "cannot get title insurance until the issue of their access to the property has been resolved."

**{10}** Second, Plaintiffs contend they raised equitable title in their response to Defendant's motion for summary judgment by arguing that possession of a deed was not necessary for standing. Plaintiffs claim that they "specifically referred the district court to the equitable title doctrine discussed in *Conway v. San Miguel Cnty. Bd. of Educ.*, 1955-NMSC-008, ¶ 36, [59 N.M. 242,] 282 P.2d 719, and the exception to the statute of frauds doctrine discussed in *Beaver v. Brumlow*, 2010-NMCA-033, ¶ 21, [148 N.M. 172,] 231 P.3d 628." However, the record shows that Plaintiffs' argument centered on refuting the application of the statute of frauds to their purchase. Plaintiffs cited to *Conway* and *Beaver* for the proposition that "New Mexico law does not require the execution, delivery, or recordation of a deed to make a real estate conveyance effective, even when the grantor and grantee disagree as to whether a conveyance occurred or what was conveyed."[2] Plaintiffs' response does not expressly mention equitable title, much less advance an argument that equitable title provides a basis for standing. Simply put, Plaintiffs' argument in the district court was that no deed was required, but they did not articulate in any meaningful way the legal theory now being advanced on appeal, namely that they hold equitable title and are therefore real parties in interest with enforceable rights in property.

**{11}** Plaintiffs also contend that the district court "confirmed it acknowledged the [Plaintiffs'] equitable arguments but was rejecting them" at the hearing on the summary judgment motion. Contrary to Plaintiffs' assertion, it was clear that the district court believed the statute of frauds was controlling. Though the court acknowledged "there's a

---

2We do not necessarily endorse Plaintiffs' view of the holdings in these cases. Both involved ownership disputes between parties claiming title to the same tract. *Conway*, for example, was a quiet title suit involving two buyers who claimed title to the same tracts. 1955-NMSC-008, ¶¶ 1, 36. *Beaver* involved an oral contract to convey property where the seller reneged after the buyer had improved the land, and the buyer sued for specific performance. 2010-NMCA-033, ¶¶ 1, 21-22.

whole bunch of really ancient cases that say that, yeah, if you paid, you own the land and if you can prove it," the district court judge ultimately concluded Plaintiffs had not proved that they were owners of the tract. The district court did not rule, and was not asked to rule, that Plaintiffs had standing as equitable owners of the Southern Tract.

**{12}** "Although we do not apply the preservation requirement in an unduly technical manner, it is necessary for the issue advanced on appeal to have been raised before the district court with enough specificity to apprise the district court of the nature of the claimed error and invoke an intelligent ruling thereon." *State v. Medema*, 2025-NMCA-011, ¶ 22, ___ P.3d ___ (alterations, internal quotation marks, and citations omitted). Having reviewed the record, we cannot agree with Plaintiffs that the theory of equitable ownership presented on appeal was preserved, and therefore, we decline to consider it. *See Wolfley v. Real Est. Comm'n*, 1983-NMSC-064, ¶ 5, 100 N.M. 187, 668 P.2d 303 ("It is well established in this state that theories, defenses, or other objections will not be considered when raised for the first time on appeal.").

## 2.  Successor in Interest

**{13}** Plaintiffs also contend that fact questions remain with regard to whether they are successors in interest to the Woods under the access agreement. Here, too, Plaintiffs' claims depend on ownership, as Plaintiffs argue that they have stepped into the Woods' shoes as purchasers and owners of the Southern Tract. However, Plaintiffs have not argued any theory of ownership on appeal other than equitable title. As discussed above, Plaintiffs have not preserved these arguments. Because Plaintiffs have not otherwise contested that an ownership interest is necessary to pursue their claims, we affirm the district court's grant of summary judgment.

## II.  Plaintiffs Failed to Preserve Their Argument Regarding the District Court's Dismissal "With Prejudice"

**{14}** Plaintiffs also contend the district court abused its discretion in dismissing their claims "with prejudice." Defendant maintains that Plaintiffs failed to preserve these arguments as well. Based on our review of the supplemental record, we conclude that Plaintiffs had an opportunity to preserve the issue but failed to do so. *See* Rule 12-321(A); *cf. State v. Bregar*, 2017-NMCA-028, ¶ 29 n.3, 390 P.3d 212 (noting that where a party does not have the opportunity to object to a ruling or order at the time it is made, the rules of preservation do not apply).

**{15}** At the hearing on Defendant's motion for summary judgment, the district court directed Defendant to prepare the order. The district court judge did not make any oral ruling as to whether the dismissal of Plaintiffs' claims should be with or without prejudice. Plaintiffs' counsel asked the court to include Rule 1-054(B) language to permit them to pursue an immediate appeal to this Court, and the district court agreed that would be appropriate. Plaintiffs did not ask for a ruling on the form of the dismissal.

**{16}**  The supplemental record shows that Defendant submitted a proposed form of order to Plaintiffs, who in turn offered only two suggested edits to the proposed order—neither of which were addressed to the dismissal with prejudice language. When the parties could not agree on the final form of the order, Plaintiffs suggested that Defendant submit both the originally proposed form of order and the version containing Plaintiffs' edits for the district court judge to consider. Both versions contained language stating that Plaintiffs' claims would be dismissed with prejudice. Given that Plaintiffs' version of the order also contained the "with prejudice" language, we must reject Plaintiffs' argument that they preserved the issue simply by refusing to approve Defendant's form of order.

**{17}**  Based on the above, we conclude Plaintiffs had two opportunities to object to the dismissal "with prejudice"—first at the hearing and again when suggesting edits to the proposed order—and failed to do so. Thus, we must conclude that Plaintiffs failed to preserve this issue for appellate review. Notwithstanding the "with prejudice" designation, however, dismissal for lack of standing is not an adjudication on the merits. *See Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 16, 382 P.3d 991; *see also State v. Cotton Belt Ins. Co.*, 1981-NMSC-129, ¶ 5, 97 N.M. 152, 637 P.2d 834 ("The doctrine of res judicata was never intended to operate so as to prevent a reexamination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants." (internal quotation marks and citation omitted)).

## CONCLUSION

**{18}**  For the foregoing reasons, we affirm the district court's grant of summary judgment and dismissal of Plaintiffs' claims with prejudice.

**{19}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**